UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-340-GWU

DENNIS B. FARLEY,                                                      PLAINTIFF,

VS.                               **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Supplemental Security Income (SSI).  The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Farley

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u>  20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

Farley

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1)

3

Farley

> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.
1986).

Another issue concerns the effect of proof that an impairment may be
remedied by treatment.  The Sixth Circuit has held that such an impairment will not
serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health
and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same
result does not follow if the record is devoid of any evidence that the plaintiff would
have regained his residual capacity for work if he had followed his doctor's
instructions to do something or if the instructions were merely recommendations.
Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,
1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before
it, despite the plaintiff's claims that he was unable to afford extensive medical work-
ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.
1987).  Further, a failure to seek treatment for a period of time may be a factor to be
considered against the plaintiff, Hale v. Secretary of Health and Human Services,
816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Farley

or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Farley

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

Farley

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley  v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Farley, a 48 year-old former coal miner, dry wall installer, truck driver and oiler/greaser with a "limited" education, suffered from impairments related to chronic obstructive pulmonary disease, an anxiety disorder, a possible generalized anxiety disorder, a possible post traumatic stress disorder, a possible mood disorder, a major depressive disorder, borderline to low average intelligence, a history of headaches, being status post eye surgery, being status post gunshot wounds to the face, hypertension, and complaints of sleep disturbance.  (Tr. 15, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 24).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 25).  The ALJ

Farley

based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 23-24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Bill Ellis included an exertional limitation to light level work reduced from a full range by such non-exertional restrictions as (1) the need to avoid exposure to excessive humidity, temperature extremes and pulmonary irritants such as dust, fumes, gases, noxious odors, chemicals, and smoke; (2) a limitation to simple, routine tasks in object-focused work settings where changes are only gradually introduced and (3) a third grade reading level.  (Tr. 314).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 314-315).  The ALJ later added additional restrictions relating to an inability to perform production rate work and a need to avoid jobs requiring acute hearing.  (Tr. 315).  The witness indicated that a 10 percent reduction in the available job numbers would occur but opined that a significant number would still remain.  (Tr. 315-316).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized Farley's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

Farley

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error.  Dr. Jeffrey Ellington examined Farley and found no limitations with regard to lifting, carrying, standing, walking, sitting, climbing, balancing, stooping, crouching, kneeling, crawling, reaching, handling, feeling, pushing, pulling, seeing, hearing, or speaking.  (Tr. 109).  The physical factors of the hypothetical question were fully consistent with this opinion.  More severe physical limitations than those found by the ALJ were not reported by such treating and examining sources as the staff at the Lee Regional Medical Center (Tr. 101-105) and the staff at Stone Mountain Health Services (Tr. 116-173).  The plaintiff asserts that the ALJ did not properly credit the opinion of Dr. Paul Manning of the Cloverfork Clinic (Tr. 180-182, 240-248).  However, Dr. Manning also did not report the existence of more severe physical limitations than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

Dr. David Swan, a non-examining medical reviewer, did report a limitation concerning an inability to more than occasionally climb which was not presented to the vocational expert.  (Tr. 185).  His opinion would be outweighed by that of Dr. Ellington who actually examined Farley.  The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."  20 C.F.R. Section 416.927(d)(1).  The ALJ did include the environmental limitations indicated by Dr.

9

Farley

Swan as well as the doctor's restriction to light level work.  Furthermore, the claimant

has not raised this omission as an issue.  Therefore, the Court finds no error.

The ALJ also dealt properly with the evidence relating to Farley's mental

status.  The mental factors of the question were essentially consistent with the

somewhat differently worded limitations identified by Psychologist Phil Pack, an

examining consultant.[1]  (Tr. 178).  More severe mental limitations were not reported

by the staff at the Cumberland River Comprehensive Care Center, the plaintiff's

treating source.  (Tr. 260-268).  At the time of the claimant's last visit in November

of 2005, his Global Assessment of Functioning (GAF) was rated at 65 to 70.  (Tr.

263).  Such a GAF suggests the existence of only "mild" psychological symptoms

compatible with the ALJ's findings.  These reports provide substantial evidence to

support the administrative decision.

Psychologist Barbara Belew also examined Farley and reported the existence

of very severe mental limitations.  (Tr. 254-255).  Belew also opined that the plaintiff

met the requirements of Sections 12.04 and 12.06 of the Listing of Impairments for

mental disorders.  The ALJ rejected Belew's opinion as binding.  (Tr. 22).  This

opinion was offset by that of the equally-placed Pack and was also appears contrary

---

[1]The examiner indicated that the plaintiff would have a "limited but satisfactory"
ability to understand, remember and carry out instructions and to adapt to the stress and
pressures of work activity.  (Tr. 178).

10

Farley

to the "mild" psychological symptoms indicated by Cumberland River. Therefore, the ALJ acted properly.

Psychologists Lea Perritt (Tr. 201-202) and Edward Ross (Tr. 205-206), the non-examining medical reviewers, each reported that Farley was "moderately" limited in his ability to deal with the general public. This restriction was not presented in the hypothetical question. These opinions were outweighed by that of the examiner Pack and the plaintiff has not raised this omission as an issue. Therefore, the Court finds no error.

Farley also argues that the ALJ did not properly evaluate his subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Farley was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Dr. Ellington's physical examination revealed no joint deformities or decrease in range of motion. (Tr. 108). Deep tendon reflexes were

Farley

symmetrical and no pathological reflexes were present.  (Tr. 108).  The extremities were free of cyanosis and edema.  (Tr. 108).  Despite his breathing problems, the plaintiff continued to smoke.  (Tr. 109).  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Farley's pain complaints.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 25th day of April, 2007.

**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**

12